UNITED STATES BANKRUPTCY COURT
DISTRICT OF COLORADO

| | | |
|---|---|---|
| IN RE: | ) | |
| | ) | |
| CLINT ARON DRAKE, and | ) | CASE NO. 15-18871-MER |
| LAURA KATHRYN DRAKE, | ) | |
| | ) | |
| Debtors. | ) | |
| | ) | |
| NEXTGEAR CAPITAL, INC., | ) | |
| | ) | |
| Plaintiff | ) | |
| v. | ) | |
| | ) | Adv. Pro. No. _____ |
| CLINT ARON DRAKE, | ) | |
| | ) | |
| Defendant | ) | |
| | ) | |

SERVE:  1541 E. Saratoga Ct.
Gilbert, AZ 85296

**COMPLAINT TO DETERMINE DISCHARGEABILITY OF A DEBT**

The plaintiff in this action, NextGear Capital, Inc. ("NextGear Capital"), by counsel, pursuant to the provisions of 11 U.S.C. §§ 523(a)(2)(A), 523(a)(4), 523(a)(6), and 727(b); and Rules 4007 and 7001 of the Federal Rules of Bankruptcy Procedure, requests that the Court determine certain obligations of Clint Aron Drake ("Defendant") to NextGear Capital to be nondischargeable. In support of its Complaint, NextGear Capital states as follows:

**ALLEGATIONS COMMON TO ALL COUNTS**

1. On August 7, 2015 (the "Petition Date"), Defendant filed, jointly with his spouse, in the District of Colorado a Petition for Relief under Chapter 7 of the United States Bankruptcy Code, thereby creating Case No. 15-18871-MER.

2. Defendant listed his physical address in a written filing with this Court as 1541 E.

Saratoga Ct., Gilbert, AZ 85296

3. Defendant was represented in the filing of the Petition for Relief by Nicholas H. Ores, whose business mailing address is 117 E. Mountain Avenue, Suite 215, Loveland, Colorado 80524.

4. NextGear Capital is a Delaware corporation doing business in Colorado and is a creditor of Defendant in his underlying bankruptcy case. NextGear Capital is the successor by merger to Manheim Automotive Financial Services, Inc. ("MAFS") and Dealer Services Corporation ("DSC"). On January 31, 2013, MAFS merged with DSC to form NextGear Capital, Inc., a Delaware corporation doing business in Colorado. A true and accurate copy of the Certificate of Merger Merging Manheim Automotive Financial Services, Inc. With and Into Dealer Services Corporation (the "Certificate of Merger"), bearing the file stamp of the Secretary of State of the state of Delaware, is attached hereto and incorporated herein as Exhibit A.

5. This Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1334, and this matter constitutes a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(I). Venue is proper under 28 U.S.C. § 1409(a).

6. At all times relevant herein, Defendant was a manager and 50% owner of Magnum Motors of Loveland LLC ("Dealer"), a Colorado limited liability company that is or was doing business at 5900 S. College Avenue, Fort Collins, Colorado 80525.

7. At all times relevant herein, Defendant was actively involved in the day-to-day business operations of Dealer and in control of its finances.

8. On or about April 22, 2014, Dealer entered into a Demand Promissory Note and Loan and Security Agreement (the "Note") with NextGear Capital. A true and accurate copy of the Note is attached hereto and incorporated herein as Exhibit B.

9. Under the terms of the Note, NextGear Capital granted Dealer a line of credit in the amount of Two Hundred Fifty Thousand and no/100 Dollars ($250,000.00) for the purpose of financing Dealer's inventory purchases for its used car lot.

10. Under the terms of the Note, Dealer granted NextGear Capital a security interest in

> [A]ll of [Dealer]'s assets and properties, wherever located, including, without limitation, all equipment of any kind or nature; all vehicles and vehicle parts; all Inventory [then] owned or [thereafter] acquired, without limitation, all Lender Financed Inventory [then] owned or [thereafter] acquired; all amounts in Borrower's reserve held by or on behalf of Lender, if any; all documents, documents of title, deposit accounts, accounts receivable, manufacturer rebates and incentive payments, chattel paper, including, without limitation, all Receivables and general intangibles now owned or hereafter acquired by borrower; all cash reserves; all of Borrower's books and records (including any books and records contained on computer hardware or software or otherwise stored by or on behalf of Borrower in electronic or digital form); and all additions, accessions, accessories, replacements, substitutions, and proceeds and proceeds thereof.

(the "Collateral").

11. NextGear Capital's security interest in the Collateral is perfected by virtue of a UCC-1 Financing Statement (the "Financing Statement") filed by DSC with the Colorado Secretary of State on May 19, 2010, which was subsequently amended on August 2, 2013 to change the name of the secured creditor to NextGear Capital, and thereafter continued on January 7, 2015. True and accurate copies of the Financing Statement, the amendment thereto, and the continuation statement are collectively attached hereto and made a part hereof as <u>Exhibit C.</u>

12. As a condition of extending credit to Dealer, NextGear Capital required Defendant to execute an Individual Personal Guaranty (the "Guaranty") in favor of NextGear Capital, whereby Defendant guaranteed prompt and full payment to NextGear Capital of all

obligations of Dealer pursuant to the Note. A true and accurate copy of the Guaranty is attached hereto and incorporated herein as Exhibit D.

### COUNT I—FRAUD OR DEFALCATION IN A FIDUCIARY CAPACITY, EMBEZZLEMENT, OR LARCENY
### (11 U.S.C. § 523(a)(4))

13. NextGear Capital realleges and incorporates by reference the allegations of paragraphs 1 through 12, the same as if set forth verbatim herein.

14. Between April 22, 2014, and August 7, 2015, NextGear Capital advanced funds (the "Advances") to Dealer and to certain third parties on Dealer's behalf, at Defendant's request, for Dealer's purchases of inventory pursuant to the terms of the Note.

15. The vehicles purchased with the Advances constituted Collateral under the Note.

16. NextGear Capital declared the Note to be in default on January 17, 2015.

17. Plaintiff has not recovered nine (9) of the ten (10) floor planned vehicles which had an outstanding balance as of the Petition Date, and there are currently no floor planned vehicles remaining in Dealer's inventory or possession. The nine (9) missing vehicles (the "SOT Vehicles"), are particularly described as follows:

| Stock # | Vehicle Description | VIN |
|---|---|---|
| 107 | 2013 JEEP WRANGUNRUBAN | 1C4HJWFGXDL651339 |
| 112 | 2014 GMC TRUCK 1500 SLT | 3GTU2VEC1EG155932 |
| 115 | 2010 CHEVROLET SILVERADO 1500 | 1GCSKTE39AZ267402 |
| 122 | 2011 AUDI A4 2.0T PRM+ | WAUFFAFL6BN016870 |
| 124 | 2005 Chevrolet Silverado 2500 W/T | 1GCHK29U55E268499 |
| 126 | 2015 JEEP WRANG SPT | 1C4BJWDGXFL521363 |
| 131 | 2006 Dodge Ram 2500 SLT | 3D7KS29C76G179790 |
| 132 | 2007 Chevrolet Silverado 2500 W/T | 1GCHK23617F535726 |
| 133 | 2014 Ram 2500 Laramie Longhorn | 3C6UR5GL6EG141671 |

18. Dealer has sold all of the SOT Vehicles and has received full payment from the consumers who purchased the SOT Vehicles.

19. Pursuant to Sections 4(f) and 5(o) of the Note, Dealer was required to pay the full balance owed on any floor planned vehicle within twenty-four (24) hours after Dealer received payment by or on behalf of the purchaser of such vehicle.

20. The Trust Provisions of the Note created an express trust for the benefit of NextGear Capital, with a clearly identifiable trust res comprised of the proceeds from the sales of the SOT Vehicles (the "Sale Proceeds").

21. Defendant was actively involved in the day-to-day business operations of Dealer, and as the manager of the Dealer, and he was the individual who controlled the Sale Proceeds.

22. Defendant was therefore responsible for complying with the Trust Provisions of the Note by holding the Sale Proceeds in trust for NextGear Capital.

23. Defendant had a fiduciary duty to hold the Sale Proceeds in trust for the benefit of NextGear Capital and to remit the Sale Proceeds to NextGear Capital within forty-eight (48) hours of such sales.

24. Defendant breached his fiduciary duty by intentionally failing to deliver the Sale Proceeds of the SOT Vehicles to NextGear Capital, instead using those Sale Proceeds for other purposes.

25. Defendant was aware of the terms of Dealer's secured line of credit with NextGear Capital, as those terms were spelled out in the Note, which Defendant executed in his capacity as the manager of Dealer.

26. At the time Defendant received the Sale Proceeds from the sales of the SOT Vehicles, Defendant knew that Dealer was in financial distress.

27. At the time Defendant received the Sale Proceeds from the sales of the SOT Vehicles, Defendant knew that he was in financial distress.

28. As of the Petition Date, the principal balance owed on the SOT Vehicles, excluding all interest and fees, was Two Hundred Thirty-Six Thousand, Five Hundred Seventy-Six and 70/100 Dollars ($236,576.70).

29. Defendant is liable to NextGear Capital for fraud or defalcation in a fiduciary capacity, and the sum of Two Hundred Thirty-Six Thousand, Five Hundred Seventy-Six and 70/100 Dollars ($236,576.70) is therefore nondischargeable pursuant to 11 U.S.C. § 523(a)(4) as NextGear Capital's actual damages relating to Defendant's actions.

## COUNT II—MONEY OBTAINED THROUGH FALSE PRETENSES, A FALSE REPRESENTATION, OR ACTUAL FRAUD
## (11 U.S.C. § 523(a)(2)(A))

30. NextGear Capital realleges and incorporates by reference the allegations contained in paragraphs 1 through 29, the same as if repeated verbatim herein.

31. On November 12, 2014, Dealer sold a 2014 Ram 2500 Laramie Longhorn, Vehicle Identification Number 3C6UR5GL6EG141671 (the "Ram") to Carolyn Lavern Treat ("Treat"), an individual residing in Greeley, Colorado.

32. On November 18 or 19, 2014, Boulder Valley Credit Union, on behalf of Treat, paid Dealer Sixty-Seven Thousand, Nine Hundred Fifty-Two and 62/100 Dollars ($67,952.62) for the Ram.

33. Thereafter, on December 9, 2014 - - almost a month after the sale of the Ram to Treat - - Defendant, on behalf of Dealer and acting in concert with others, requested and obtained floorplan financing for the Ram, even though he knew the Ram had already been sold to Treat.

34. Defendant concealed the prior sale of the Ram from NextGear Capital when he requested floorplan financing from NextGear Capital for the Ram.

35. Notwithstanding Dealer's statutory duty to deliver the certificate of title to Treat

upon the sale of the Ram, in connection with the request for floorplan financing for the Ram, Defendant delivered the certificate of title to the Ram to NextGear Capital, thereby creating the fraudulent misimpression that Dealer owned the Ram.

36. NextGear Capital, unaware of the prior sale of the Ram, and in reliance on Defendant's representation that the Ram was part of Dealer's inventory, advanced Dealer Forty-Seven Thousand, Eight Hundred Twenty-Five and no/100 Dollars ($47,385.00) for the Ram.

37. Had NextGear Capital been aware on December 9, 2014 that Dealer had already sold the Ram, NextGear Capital would not have advanced money to Dealer for the purpose of purchasing the Ram for Dealer's inventory.

38. Defendant owes NextGear Capital a debt for money, property, or an extension of credit that was obtained from NextGear Capital by false pretenses, a false representation, or actual fraud within the meaning of 11 U.S.C. § 523(a)(2)(A).

39. Defendant's debt to NextGear Capital which relates to the Ram, in the amount of Dealer Forty-Seven Thousand, Eight Hundred Twenty-Five and no/100 Dollars ($47,385.00), therefore constitutes a nondischargeable debt of Defendant to NextGear Capital, as NextGear Capital's actual damages relating to Defendant's actions.

## COUNT III—WILLFUL AND MALICIOUS INJURY
## (11 U.S.C. § 523(a)(6))

40. NextGear Capital realleges and incorporates by reference the allegations of paragraphs 1 through 39, the same as if set forth verbatim herein

41. Defendant's conduct described above rises to the level of intentional monetary injury to NextGear Capital.

42. Defendant willfully and intentionally determined how the Sale Proceeds from the SOT Vehicles would be used.

43. At the time Defendant received the Sale Proceeds from the SOT Vehicles, and at the time he requested the advance for the Ram, Defendant knew that he and Dealer were both in financial distress.

44. Defendant knew that his misappropriation of the Sale Proceeds was substantially certain to harm NextGear Capital, as neither Dealer nor Defendant had any alternative source to repay NextGear Capital for the converted Sale Proceeds.

45. Defendant is liable to NextGear Capital for willful and malicious injury within the meaning of 11 U.S.C. § 523(a)(6).

46. The sum of Two Hundred Thirty-Six Thousand, Five Hundred Seventy-Six and 70/100 Dollars ($236,576.70) constitutes a nondischargeable debt of Defendant to NextGear Capital, as NextGear Capital's actual damages relating to Defendant's actions.

WHEREFORE, plaintiff NextGear Capital, Inc. respectfully requests that the Court enter judgment (i) declaring a portion of Defendant's debt to NextGear Capital to be nondischargeable pursuant to one or more subsections of 11 U.S.C. Section 523(a); (ii) awarding NextGear Capital judgment against Defendant in an amount not less than Two Hundred Thirty-Six Thousand, Five Hundred Seventy-Six and 70/100 Dollars ($236,576.70) plus post-judgment interest and costs of collection; and (iii) awarding NextGear Capital such other and further relief as the Court may deem just and proper.

Respectfully submitted this 30th day of October, 2015.

**NEXTGEAR CAPITAL, INC.**

By: *s/ Neal K. Dunning*
Neal K. Dunning, Esq.
BROWN, BERARDINI & DUNNING, P.C.
2000 South Colorado Blvd.
Tower Two, Suite 700
Denver, CO  80222
Telephone:  (303) 329-3363
Facsimile:  (303) 393-8438
E-mail:  ndunning@bbdfirm.com
*Attorney for NextGear Capital, Inc.*