UNITED STATES BANKRUPTCY COURT
DISTRICT OF COLORADO

| | | |
|---|---|---|
| IN RE: | ) | |
| | ) | |
| CLINT ARON DRAKE, and | ) | CASE NO. 15-18871-MER |
| LAURA KATHRYN DRAKE, | ) | |
| | ) | |
| Debtors. | ) | |
| | ) | |
| | ) | |
| NEXTGEAR CAPITAL, INC., | ) | |
| | ) | |
| Plaintiff | ) | |
| | ) | |
| v. | ) Adv. Pro. No. 15-01433 | |
| | ) | |
| CLINT ARON DRAKE, | ) | |
| | ) | |
| Defendant | ) | |
| | ) | |

## DEFENDANT'S ANSWER TO COMPLAINT TO DETERMINE DISCHARGEABILITY OF A DEBT

For his Answer in this action, Defendant, and co-Debtor, by counsel, submits the following:

## ALLEGATIONS COMMON TO ALL COUNTS

1-3.  Defendant admits paragraphs 1-3 of the Complaint.

4.  Defendant is without information sufficient to form a belief as to the truth of the allegations contained in paragraph 4 and therefore denies them.

5-7.  Defendant admits paragraphs 5-7.

8-12.  As to the allegations in paragraphs 8-12, Defendant admits their authenticity and states that their contents speak for themselves.  He denies Plaintiff's characterizations of them, insofar as they may vary from the actual documents.

## FIRST CLAIM FOR RELEIF

13. In response to paragraph 13, Defendant incorporates his responses to paragraphs 1-12.

14. Defendant is without information sufficient to form a belief as to the truth of the

allegations contained in paragraph 14 and therefore denies them.

15.   Paragraph 15 is a statement of law or a legal definition; it requires neither admission nor denial from Defendant.

16-18.   Defendant is without information sufficient to form a belief as to the truth of the allegations contained in paragraphs 16-18 and therefore denies them.

19-20.   The documents characterized in paragraphs 19-20 speak for themselves.  Defendant denies Plaintiff's characterizations of them, insofar as they may vary from the actual documents.

21-27.   Defendant denies paragraphs 21-27.

28.   Defendant is without information sufficient to form a belief as to the truth of the allegations contained in paragraph 28 and therefore denies them.

29.   Defendant denies paragraph 29.

## SECOND CLAIM FOR RELIEF

30.   In response to paragraph 30, Defendant incorporates his responses to paragraphs 1-29.

31-33.   Defendant is without information sufficient to form a belief as to the truth of the allegations contained in paragraph 31-33 and therefore denies them.

34-39.   Defendant denies paragraphs 34-39.

## THIRD CLAIM FOR RELEIF

40.   In response to paragraph 40, Defendant incorporates his responses to paragraphs 1-39.

41-46.   Defendant denies paragraphs 41-46.

## FIRST AFFIRMATIVE DEFENSE

The Complaint fails to state a claim upon which relief can be granted.,

## SECOND AFFIRMATIVE DEFENSE

Plaintiff has failed to join parties whose presence is needed for a just and complete adjudication of this matter.

## THIRD AFFIRMATIVE DEFENSE

Plaintiff's claims are barred or diminished by its breach of contract, incluing but not limited to breach of its covenant of good faith and fair dealings, or by failure of consideration.

## FOURTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred or diminished by its failure to deal with collateral securing the subject financing as required by contract and applicable law, including but not limited to its failure to deal with the collateral in a commercially reasonable manner and/or its conversion of such collateral and/or its impairment of the value of such collateral.

## FIFTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred or diminished by payment, and by set-off and/or recoupment.

## SIXTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred or diminished by failure to mitigate its alleged damages and/or losses.


Further, Defendant fully reserves all rights of amendment and supplementation with respect to this Answer, including but not limited to all matters admitted, and including but not limited to the assertion of counterclaims and third party claims as may be appropriate based on discovery.

WHEREFORE, having fully answered the Complaint, Defendant prays that it be dismissed and that he be awarded his costs and reasonable attorney fees and for such other and further relief as this court may deem proper.


Respectfully submitted this 27th day of November, 2015.

Nicholas H. Ores
Attorney at Law, CO Bar # 29603
218 East 6th Street
Loveland, CO 80537
 (970) 461-0754 office
(970) 215-2199 cell
nick@oreslaw.com

## CERTIFICATE OF SERVICE

I certify that on the 27th day of November, 2015, I served a true and correct copy of the foregoing *via* Electronic filing service on for other parties of record or their counsel; and mailed, US Mail, postage pre-pad, to:

US Trustee
Byron G. Rogers Federal Building
1961 Stout Street, Suite 12-200
Denver, CO 80294

Joli A. Lofstdt, Esq.
Chapter 7 Trustee
950 Spruce Street, Suite 1C
Louisville, CO 80027

Clint A. Drake
1541 E. Saratoga Ct.
Gilbert, AZ 85296

Laura K. Drake
1541 E. Saratoga Ct.
Gilbert, AZ 85296

Neal K. Dunning, Esq.
Brown, Bernardi & Dunning, PC
2000 South Colorado Blvd.
Tower Two, Suite 700
Denver, CO 80222

David M. Rich, Esq.
Minor & Brown, PC
650 S. Cherry Street, Suite 1100
Denver, CO 80246